Justice Alito,
concurring in the judgment.
I agree that the Court of Appeals had jurisdiction to review the denial of petitioner’s motion to reopen his removal proceeding, but I would decide this case on narrower grounds. The controlling statutory provision, 8 U. S. C. § 1252(a)(2)(B)(ii), states that “no court shall have jurisdiction to review . . . any . . . decision ... of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General.” (Emphasis added.) The phrase “under this subchapter” refers to Subchapter II of Chapter 12 of Title 8, 8 U. S. C. §§ 1151-1381, see ante, at 239, n. 3, and, as the Court notes, no provision of Subchapter II confers discretionary authority on the Attorney General to decide motions to reopen, see ante, at 242-243, 249-250. The Court of Appeals, however, held that the Attorney General’s decision in this case was unreviewable because a regulation, 8 CFR § 1003.2(a) (2009), made that decision discretionary.
If this regulation had been promulgated pursuant to authority conferred by a provision of Subchapter II, we would have to confront the question that the opinion of the Court addresses. But it seems clear that § 1003.2, at least insofar as it gave the Attorney General the discretionary authority that he exercised in this case, is grounded on authority conferred under Subchapter I of Chapter 12 of Title 8, 8 U. S. C. *254 §§ 1101-1107. See 8 U. S. C. § 1103(a) (1994 ed.) (giving the Attorney General the authority to “establish such regulations ... as he deems necessary for carrying out his authority under [Chapter 12 of Title 8 of the U. S. Code]”).
The amicus curiae whom we appointed to defend the decision of the Court of Appeals has attempted to link 8 CFR § 1003.2 to Subchapter II. She notes that the Attorney General, in promulgating that regulation, cited not only 8 U. S. C. § 1103(a), but also a provision of Subchapter II, 8 U. S. C. § 1252b (1994 ed.). See 61 Fed. Reg. 18900, 18904 (1996).[1] This latter statutory provision[2] conferred the authority to reopen a narrow set of deportation orders, i. e., those issued after the alien failed to appear at the deportation hearing. Although this statutory provision does not apply to petitioner’s motion to reopen, amicus argues that “the section’s *255 brief allusion to motions to reopen clearly presupposed that the Attorney General had in place a more general procedure for reviewing all motions to reopen removal proceedings.” Brief for Court-Appointed Amicus Curiae in Support of Judgment Below 41-42.
Amicus' argument is ingenious but ultimately unpersuasive. At most, 8 U. S. C. § 1252b (1994 ed.) may be read as implicitly authorizing the promulgation of a regulation giving the Attorney General the discretion to reopen certain deportation orders that were issued in absentia. Petitioner’s second motion to reopen, however, seeks reopening on grounds outside of § 1252b, and therefore 8 CFR § 1008.2, insofar as it applies to petitioner’s case, was not issued pursuant to Subehapter II and does not implement any provision of that Subchapter.
For these reasons, this case can and should be decided on the narrow ground that, even if some regulations can render a decision of the Attorney General unreviewable, the regulation at issue in this case does not have that effect.

 Two other provisions in Subchapter II refer to motions to reopen, but both were enacted after the implementation of 8 CFR § 1003.2 (2009), and therefore that regulation cannot be said to implement these provisions. See ante, at 243, n. 9. Title 8 U. S. C. § 1229a(c)(7), which addresses the procedural requirements for filing such a motion, and § 1252(b)(6), which requires consolidation of a motion to reopen with the underlying removal order, were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) in September 1996 and made effective in April 1997. See 110 Stat. 3009-593, 3009-609. Prior to that time, the consolidation provision was found in Subchapter I. See 8 U. S. C. § 1105a(a)(6) (1994 ed.).

 This provision conferred the authority to rescind a deportation order “upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances . .. or .. . upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice ... or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien.” § 1252b(c)(3) (1994 ed.).
A similar provision, enacted as part of IIRIRA, is now contained in § 1229a(b)(5)(C) (2006 ed.). As the Government notes, this provision does not apply in this case because petitioner challenges the denial of his second motion to reopen, which the parties agree is governed by § 1229a(c)(7). Brief for Respondent 21, n. 13; id., at 6, n. 4.